# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2025

Lyle W. Cayce
Clerk

No. 24-10396
Summary Calendar

———————

BRADLEY B. MILLER,

　　　　　　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

*versus*

AMY CONEY BARRETT, *In Her Official Capacity*; NEIL GORSUCH, *In His Official Capacity*; JOHN G. ROBERTS, *In His Official Capacity*; ELENA KAGAN, *In Her Official Capacity*; BRETT M. KAVANAUGH, *In His Official Capacity*; SONIA SOTOMAYOR, *In Her Official Capacity*; CLARENCE THOMAS, *In His Official Capacity*; KETANJI BROWN JACKSON, *In Her Official Capacity*; SAMUEL A. ALITO, JR., *In His Official Capacity*,

　　　　　　　　　　　　　　　　　　　　*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-335

———————

Before SMITH, GRAVES, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

———————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10396

Bradley B. Miller seeks to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983.[1] Miller seeks a declaratory judgment that United States Supreme Court Rule 39.8 is unconstitutional and an injunction to bar its enforcement.

Miller's motion to proceed IFP and his appellate brief are construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(5). To proceed IFP, Miller must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal presents nonfrivolous issues when it raises legal points that are arguable on the merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the appeal is frivolous, we may dismiss it sua sponte. *See* 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.

Miller's argument does not present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Consequently, he has not made the requisite showing for leave to proceed IFP on appeal. *See Carson*, 689 F.2d at 586. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* Fed. R. App. P. 24(a); 5th Cir. R. 42.2.

---

[1] Although both Miller and the district court relied on § 1983, his claim should be construed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because a *Bivens* action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state actors and *Bivens* concerns violations by federal actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).